**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ElectraLED, Inc.,<br><br>     Plaintiff,<br><br>     v.<br><br>Griven S.r.l.,<br><br>     Defendant. | Case No. 2:26-cv-69<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

ElectraLED, Inc. ('ElectraLED" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against Griven S.r.l. ("Griven" or "Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

1. ElectraLED is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 10990 49th St. North, Clearwater, Florida 33762.

2. Upon information and belief, Defendant Griven S.r.l. is an Italian private limited company with its headquarters at Via Bulgaria 16, 46042 Castel Goffredo, Mantova – Italy. Pursuant to Article 10(a) of the Hauge Service Convention, Griven S.r.l. may be served by mail, return signed receipt, to Via Bulgaria 16, 46042 Castel Goffredo, Mantova – Italy.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

4.    This Court has personal jurisdiction over Defendant because Defendant conducts business in and has committed acts of patent infringement in this District and the State of Texas and has established minimum contacts with this forum state such that the exercise of jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice.

5.    Defendant is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the State of Texas and this District, including through its past and ongoing infringing activities, because Defendant regularly does and solicits business herein, and/or because Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District.

6.    Defendant transacts substantial business with entities and individuals in the State of Texas and this District, by among other things, willfully using the infringing methods and systems throughout the State of Texas and this District. Defendant relies on the infringing light fixtures to introduce and sell millions of products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District.

7.    Venue is also proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as well as under the "alien venue rule." *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706 (1972); *In re HTC Corp.,* 889 F.3d 1349 (Fed. Cir. 2018); Weatherford *Tech. v. Tesco Corp.,* 2018 WL 5315206 at *2-3 (E.D. Tex. Oct. 26, 2018).  As noted above, Defendant is a foreign entity which maintains a regular and established business presence in the United States.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    2

## BACKGROUND AND PATENTS-IN-SUIT

8. ElectraLED produces high-quality, energy-efficient, commercial LED lighting products. With a broad and continually developing product offering, ElectraLED provides an array of solutions focused on commercial LED lighting needs. ElectraLED is proud to be made in the U.S.A., and ElectraLED's mission is to provide the most economical, expertly engineered and rigorously tested LED illumination products with unparalleled service and support to customers worldwide.

9. ElectraLED takes pride in the continuous development of new and innovative products to meet the efficiency demands of the future. All ElectraLED lighting systems are designed in-house and every product is subjected to third party certification testing for safety, longevity and performance.

10. In developing one of those new and innovative products, ElectraLED's engineers conceived U.S. Patent Nos. 7,651,245B2 ("the '245 Patent") and 9,618,187 ("the '187 Patent") (collectively, the "Patents-in-Suit"), relating to durable light fixtures with improved thermal management properties to ensure reliable operation.

11. ElectraLED is the sole and exclusive owner, by assignment, of the Patents-in-Suit. Thus, ElectraLED has sole and exclusive standing to assert the Patents-in-Suit and to bring these causes of action.

12. The Patents-in-Suit are valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. The Patents-in-Suit includes numerous claims defining distinct inventions. As discussed below, the inventions generally relate to durable light fixtures with improved thermal management properties to ensure reliable operation. More specifically, the '245 Patent contemplates a light fixture which includes a light engine featuring an arrangement of light emitting diodes (LEDs), a rugged housing, an internal power supply removably embedded within the housing, and an

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                              3

openable rear cover that provides access to the embedded power supply. The '187 Patent contemplates a light engine featuring an arrangement of light emitting diodes (LEDs), a rugged high thermal performance housing featuring improved thermal performance through the use of an air flow passageway, and an external power supply removeably embedded within an optional external enclosure.

14. The priority date of each of the Patents-in-Suit is at least as early as June 13, 2007. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

15. Before the inventions of the '245 Patent, light fixtures suitable for commercial use, such as in or around building and commercial facilities, were typically designed to be durable since they can be struck or damaged during business operations. To provide this durability, prior art light fixtures typically had substantial housings that protected the light source. Most prior art commercial light fixtures utilized fluorescent bulbs, halogen bulbs, mercury vapor lamps, or metal halide lamps as the light source. However, prior art commercial fixtures suffered from a variety of limitations, including but not limited to, high cost, low efficiency, high power consumption and/or poor light output quality. Thus, the overall appeal of prior art commercial fixtures was limited, and will further erode as energy costs (and the related operating costs) continue to increase. *See* '245 Patent, Col. 1, ll. 26-44.

16. The inventors of the '245 Patent conceived new light fixtures to solve these limitations and to provide advantages and aspects not provided by conventional light fixtures. This is achieved by having a light fixture that includes an LED light engine, which by design, is energy efficient and provides high quality light output. The inventive light fixture includes a rugged housing and an internal power supply that is thermally isolated while residing within the housing. Positioning the power supply within the housing minimizes the opportunity for incurring damage to the power

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

supply. This is of particular importance when the light fixture is configured for use in high-traffic commercial or industrial applications, such as warehouses, loading docks or shipping/receiving areas, where the light fixture is prone to be stricken by forklifts and other large objects. While an internal power supply enjoys a reduced chance of being damaged, the power supply is susceptible to failure from heat generated by the light engine. The light fixture includes several novel heat management features designed to thermally isolate the power supply in order to reduce the risk of failure and thereby increase the reliability of the light fixture. *See* '245 Patent, Col. 1, ll. 48-64.

17. Another important aspect of the invention, '245 Patent discloses a light fixture which includes a rugged housing which also includes an arrangement of fins extending from the main body portion of the housing and that dissipate heat. During operation, heat generated by the light engine is transferred along a flow path through the main body portion and the fins for dissipation to ambient. *See* '245 Patent, Col. 1, ll. 65-7, Col. 2, ll. 1-7.

18. The '245 Patent is a pioneering patent, and has been cited as relevant prior art in 191 subsequent United States Patent Applications, including Applications Assigned to such technology leaders as Toshiba Lighting, Cooper Technologies, Ingersoll-Rand, LG, Eaton Intelligent Power, Milwaukee Tool, and Cree, Inc.

19. The claims of the Patents-in-Suit were all properly issued, and are valid and enforceable.

20. The expiration date of the '245 Patent is no earlier than September 22, 2027. The expiration date of the '187 Patent is no earlier than June 13, 2027.

## DEFENDANT'S INFRINGING PRODUCTS

21. Upon information and belief, Defendant makes, sells, advertises, offers for sale, uses, or otherwise provides light fixtures that utilize the Patents-in-Suit's patented durable light fixture with improved thermal management properties to ensure reliable operation. Defendant has manufactured and sold

products that infringe the Patents-in-Suit, and which include at least, but not limited to, the following models:

- CP100
- CP100PE Polar Edition
- CP100US
- CP100USPE Polar Edition
- CP100MC
- CP100MCPE Polar Edition
- JSPRMK2
- JSPRMK2PE Polar Edition
- JUPI
- JUPIMC
- MARS
- MARSPE Polar Edition
- MARSMC
- MARSMCPE Polar Edition
- JUPI-BI
- JUPI-BR
- All CP600B
- CP600
- CP600PE Polar Edition
- CP600US
- CP600USPE Polar Edition
- CP600MC
- CP600MCPE Polar Edition
- CP300
- CP300PE Polar Edition
- CP300MC
- CP300MCPE Polar Edition
- CP200
- CP200PE Polar Edition
- CP200US
- CP200USPE Polar Edition
- CP200MC
- CP200MCPE Polar Edition
- OXXQ

22.   Collectively, the above listed products, among other light fixtures, including all augmentations to these fixtures, all the foregoing is referred to herein as the "Accused Instrumentalities."

23.   As shown below, the Accused Instrumentalities include each and every limitation of at least, but not limited to, claim 21 of the '245 Patent, and therefore literally infringe these claims. Plaintiff reserves the right to assert additional claims and to assert infringement under the doctrine of equivalents in light of information learned during discovery or in view of this Court's claim construction order.

24.   Additionally, the Accused Instrumentalities include each and every limitation of at least, but not limited to, claim 1 of the '187 Patent, and therefore literally infringe these claims. Plaintiff reserves the right to assert additional claims and to assert infringement under the doctrine of equivalents in light of information learned during discovery or in view of this Court's claim construction order.



See https://www.griven-usa.com/en/griven/Catalog/jupiter/jupiter-discrete-rgbw

**COUNT I**
**Infringement of U.S. Patent No. 7,651,245B2**

25.   Plaintiff incorporates the above paragraphs by reference.

26.   Defendant without authority, continues to make, use, sell, offer to sell, and/or import into the United States its Accused Instrumentalities as shown above.

27.   Defendant thus has infringed and continues to infringe at least claim 21 of the '245 Patent literally and/or under the doctrine of equivalents.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                        7

28.     Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via resellers, distributors and its Internet domain web pages.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

29.     Defendant has also actively induced and will continue to actively induce the infringement of at least one of claim 21 of the '245 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting infringement of others through activities such as creating and/or distributing tutorials, brochures, manuals, instructional documents, and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing infringing products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States products that fall within the scope of the '245 Patent, without license or authority from Plaintiff. On information and belief, Defendant knows that the induced acts constitute infringement of the '245 Patent.

30.     Defendant individually, collectively, or through others or intermediaries, have contributorily infringed, and/or is contributorily infringing, in violation of 35 U.S.C. § 271(c), at least one claim of the '245 Patent by making, using, offering for sale, selling, and/or importing, material parts of the inventions claimed in the '245 Patent, which are not a staple article or commodity of commerce

suitable for substantial non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '245 claims.

31.    Defendant has been on actual notice of the '245 Patent at least as early as the date of this Original Complaint. Defendant's direct and indirect infringement of the '245 Patent have thus been committed with knowledge of the '245 Patent, making Plaintiff liable for direct, indirect, and willful infringement.

32.    Defendant's infringement of the '245 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

33.    Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34.    Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT II
### Infringement of U.S. Patent No. 9,618,187

35.    Plaintiff incorporates the above paragraphs by reference.

36.    Defendant without authority, continues to make, use, sell, offer to sell, and/or import into the United States its Accused Instrumentalities as shown above.

37.    Defendant thus has infringed and continues to infringe at least claim 1 of the '187 Patent literally and/or under the doctrine of equivalents.

38.    Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via resellers, distributors and its Internet

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                           9

domain web pages.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

39.    Defendant has also actively induced and will continue to actively induce the infringement of at least one of claim 1 of the '187 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting infringement of others through activities such as creating and/or distributing tutorials, brochures, manuals, instructional documents, and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing infringing products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States products that fall within the scope of the '187 Patent, without license or authority from Plaintiff. On information and belief, Defendant knows that the induced acts constitute infringement of the '187 Patent.

40.    Defendant individually, collectively, or through others or intermediaries, have contributorily infringed, and/or is contributorily infringing, in violation of 35 U.S.C. § 271(c), at least one claim of the '187 Patent by making, using, offering for sale, selling, and/or importing, material parts of the inventions claimed in the '187 Patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '187 claims.

41.    Defendant has been on actual notice of the '187 Patent at least as early as the date of the Original Complaint. Defendant's direct and indirect infringement of the '187 Patent have thus been

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    10

committed with knowledge of the '187 Patent, making Plaintiff liable for direct, indirect, and willful infringement.

42. Defendant's infringement of the '187 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

43. Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

44. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1. Declaring that Defendant has infringed the Patents-in-Suit;

2. Awarding Plaintiff its damages suffered because of Defendant's infringement of the Patents-in-Suit;

3. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest;

4. An award to Plaintiff of enhanced damages, up to and including trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the Patents-in-Suit;

5. Granting a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant from further acts of infringement with respect to the Patents-in-Suit;

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

6.    Awarding Plaintiff ongoing post-trial royalties for infringement of the non-expired Patents-in-Suit; and

7.    Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Dated:  January 23, 2026                                Respectfully Submitted

                                                        */s/ Christopher A. Honea*
                                                        M. Scott Fuller
                                                           Texas Bar No. 24036607
                                                           sfuller@ghiplaw.com
                                                        Randall Garteiser
                                                           Texas Bar No. 24038912
                                                           rgarteiser@ghiplaw.com
                                                        Christopher A. Honea
                                                           Texas Bar No. 24059967
                                                           chonea@ghiplaw.com

                                                        **GARTEISER HONEA, PLLC**
                                                        119 W. Ferguson Street
                                                        Tyler, Texas 75702
                                                        Telephone: (903) 705-7420

                                                        **ATTORNEYS FOR PLAINTIFF**
                                                        **ELECTRALED, INC.**

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    12